**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| In the Matter of the Search of<br>1820 East Madge Avenue, Hazel Park, MI | Case Number: 26-mc-50807-21<br><br>**MOTION TO ACCESS SEARCH WARRANT AND APPLICATION** |

NOW COMES Movant, Justin S. Johnson, who respectfully moves this Court, pursuant to Federal Rules of Criminal Procedure 41(f)(1)(C), and the Fourth Amendment to the United States Constitution, for an Order compelling the United States to provide a complete and unredacted copy of the search warrant in case no. 26-mc-50807-21, including attachments A and B, the search warrant application, the supporting affidavit, and all other accompanying information.

In support of this Motion, Movant states as follows:

1. On September 2, 2026, government agents in possession of a federal search warrant issued by a magistrate judge in the Eastern District of Michigan executed a search of the premises of 1820 E Madge Ave., Hazel Park, MI (hereinafter "Target Premises").

2. The Target Premises have been occupied exclusively by the Movant since March 2026. No one else was present in the residence at the time of the search.

3. During the execution of the search, the Movant was questioned by a detective sergeant of the Michigan State Police. During this encounter, the Detective who informed the Movant that he was not the target of the investigation. The Detective also expressed that he did not believe that Movant was involved.

4. Based on conversations had with neighbors and others, Movant believes the actual subjects of the investigation were previous tenants and their guests all of whom vacated months before Movant commenced occupancy.

5. Despite it being plainly obvious that no present occupant had any connection to their investigation, law enforcement continued to search the premises and ultimately seized multiple electronic devices belonging to the Movant.

6. Under Fed. R. Crim. P. 41(f)(1)(C), an executing officer "must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken."

7. At the conclusion of the search, the Detective purported to provide the Movant with a copy of the warrant. However, the copy provided is incomplete. Specifically:

a. in the section where the person or property to be searched is to be listed it simply says: “See ATTACHMENT A”. No attachment A was delivered to the Movant.

b. In the section identifying the person or property to be seized, it begins by saying “See ATTACHMENT B” and goes on to identify various sections of law of which the search allegedly would reveal violations. No attachment B was delivered to the Movant.

8. When Movant specifically requested attachments A and B, the Detective refused, stating that Movant "doesn't get to see those."

9. Given Movant’s exclusive occupancy since March 2026 and law enforcement's admission and belief that Movant is not a target and not involved, there is a substantial likelihood that:

a. The supporting affidavit provided stale, incomplete, or incorrect information regarding the likelihood of finding evidence relating to violations of federal law at the Target Premises.

b. Law enforcement failed to perform reasonable pre-warrant diligence regarding the identity of the current resident and any alleged visitors or activity; and/or

c. Officers failed to discontinue or appropriately tailor their search once they realized the target no longer resided or had no recent presence at the address and thus no probable cause existed that evidence relating to a violation of federal law could be found at the premises.

10. Because law enforcement failed to provide attachments A and B, Movant is currently unable to determine whether the officers exceeded the physical or subject-matter scope of the warrant, or otherwise violated Movant's rights that are protected by the Fourth Amendment.

11. Movant requires prompt access to the search warrant, attachments A and B, the application, and the supporting affidavit to evaluate and assert Fourth Amendment claims and to effectively pursue the return of seized personal property pursuant to Fed. R. Crim. P. 41(g).

WHEREFORE, Movant respectfully requests that this Court:

A. ORDER the United States or another appropriate party to immediately provide Movant with complete, unredacted copies of the search warrant issued in case no. 26-mc-50807-21, including Attachment A and Attachment B;

B. ORDER the disclosure to Movant of the search warrant application, supporting affidavit and all other accompanying information, or, if a compelling interest for sealing is shown, REQUESTS the court to perform an in camera review and order line-by-line redaction.

C. GRANT such other and further relief as the Court deems just and proper.

Respectfully submitted,

Justin S. Johnson
1820 E. Madge Ave.
Hazel Park, MI 48030
734-635-5634
JJJJust@gmail.com

Date: September 4, 2026